UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BAMC LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAR-CAN TRANSPORTATION CO., INC. and B-ALERT, INC.,<br><br>Defendants. | 24 Civ. 7322 (KMK) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>MAR-CAN TRANSPORTATION COMPANY, INC. and B-ALERT INC.,<br><br>Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE COMPLAINT-IN-INTERVENTION OF THE UNITED STATES OF AMERICA**

Defendants Mar-Can Transportation Company Inc. ("Mar-Can") and B-Alert Inc. ("B-Alert") (collectively, "Defendants") hereby answer Plaintiff United States of America's ("Plaintiff") Complaint as follows:

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiff purports to bring this action under the False Claims Act and under theories of payment by mistake of fact and unjust enrichment. Defendants deny that

they committed fraud, obtained loans for which they were ineligible, or are liable for the relief sought.

2. Paragraph 2 describes the purposes and operation of the Paycheck Protection Program ("PPP"). Defendants admit that the PPP was administered by the Small Business Administration ("SBA") and provided loans for specified purposes subject to applicable requirements. Defendants deny any implication that this description establishes wrongdoing or liability by either Defendant.

3. Paragraph 3 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

4. Defendants admit that Mar-Can is a provider of school buses and school bus drivers. Defendants admit that B-Alert provides bus attendants. Defendants deny the rest of the paragraph. Defendants deny that any accurately described shared arrangements establish common managerial control or affiliation. Defendants deny that Darrin Piro is Mr. Cassese's stepson.

5. Defendants admit that they received Second-Draw PPP Loans. Defendants deny the accuracy of Paragraph 5. The Second-Draw PPP Loan's documents speak for themselves.

6. Defendants deny the entirety of Paragraph 6.

7. Defendants deny the entirety of Paragraph 7.

8. Defendants deny the entirety of Paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

10. Paragraph 9 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

11. Paragraph 11 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## THE PARTIES

12. Defendants admit that the United States brings the Complaint on its own behalf and on behalf of the Small Business Administration.

13. Defendants deny the entirety of Paragraph 13.

14. Defendants deny the entirety of Paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation concerning BAMC LLC's state of organization and therefore deny that allegation.

## BACKGROUND

16. Paragraph 16 describes federal legislation and its purposes. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the matter asserted in Paragraph 16. Defendants deny any implication that the CARES Act's purposes or enactment establish a violation by either Defendant.

17. Paragraph 17 characterizes the PPP's statutory framework. To the extent that Paragraph 17 calls for a legal conclusion, no response is necessary. Defendants deny any implication that they failed to satisfy the requirements for forgiveness of the PPP Loans.

18. Paragraph 18 is a legal conclusion to which no response is necessary. Defendants deny the allegations of Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.

23. Paragraph 23 characterizes statutory eligibility requirements and application disclosures. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24. Defendants admit that SBA published guidance and regulations concerning PPP eligibility. Defendants deny any implication that publication alone establishes that either Defendant knowingly violated an applicable requirement or that the published guidance suggests Defendants' liability.

25. The allegations contained in Paragraph 25 contain citations to the SBA's Frequently Asked Questions. The allegations in Paragraph 25 are denied in their entirety.

26. Paragraph 26 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

27. Paragraph 27 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

28. Paragraph 28 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

29. Paragraph 29 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

30. Paragraph 30 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

31. Paragraph 31 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

32. Paragraph 32 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

33. Paragraph 33 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

34. Paragraph 34 describes lender submissions and alleges the consequences of hypothetical borrower misrepresentations. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations concerning the lender's actual submissions to SBA, except as reflected in records available to Defendants, and therefore deny those allegations to that extent. Defendants deny that either Defendant caused the submission of a false claim or statement.

35. Defendants admit that the SBA provided for forgiveness of PPP Loans. Defendants deny that either Defendant submitted a materially false forgiveness application or certification.

36. Paragraph 36 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

37. Paragraph 37 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

38. Paragraph 38 purports to set forth a legal conclusion to which no response is required. To the extent it sets forth any allegations of fact to which a response is required, Defendants deny those allegations.

## FACTUAL ALLEGATIONS

39. Defendants deny the allegations asserted in Paragraph 39 in its entirety.

40. Defendants deny the allegations asserted in Paragraph 40 in its entirety.

41. Admitted that Marcan is a company that provides school buses and school bus drivers. Admitted that B-Alert provides bus attendants who monitor student safety. The rest of Paragraph 41 is denied.

42. Defendants deny that both companies were jointly managed by Cassese and Piro during the relevant period. Defendants further deny that any shared services or coordination, as actually conducted, established common managerial control. Defendants deny the remainder of Paragraph 42.

43. Defendants deny that descriptions in the June 2020 applications, standing alone, establish the management arrangements or affiliation status applicable to the March 2021

applications. The contents of the June 2020 applications speak for themselves. The remainder of Paragraph 43 that is inconsistent with the June 2020 applications are denied.

44. Defendants deny all allegations contained in Paragraph 44 in their entirety.

45. Defendants deny all allegations contained in Paragraph 45 in their entirety.

46. Defendants deny all allegations contained in Paragraph 46 in their entirety.

47. Defendants deny all allegations contained in Paragraph 47 in their entirety.

48. Defendants deny all allegations contained in Paragraph 48 in their entirety.

49. Defendants deny all allegations contained in Paragraph 49 to the extent they are inconsistent with the PPP Loan applications filled out by the Defendants. Defendants deny any allegation that these applications breached any law or obligation Defendants had.

50. Defendants deny all allegations contained in Paragraph 50 to the extent they are inconsistent with the PPP Loan applications filled out by the Defendants. Defendants deny any allegation that these applications breached any law or obligation Defendants had.

51. Defendants deny all allegations contained in Paragraph 51 to the extent they are inconsistent with the PPP Loan applications filled out by the Defendants. Defendants deny any allegation that these applications breached any law or obligation Defendants had.

52. Defendants deny all allegations contained in Paragraph 52 to the extent they are inconsistent with the PPP Loan forgiveness applications filled out by the Defendants. Defendants deny any allegation that these applications breached any law or obligation Defendants had. Defendants admit that they were not obligated to repay its Second-Draw PPP Loan.

53. Defendants deny all allegations contained in Paragraph 53 to the extent they are inconsistent with the PPP Loan forgiveness applications filled out by the Defendants. Defendants

deny any allegation that these applications breached any law or obligation Defendants had. Defendants admit that they were not obligated to repay its Second-Draw PPP Loan.

54. Defendants deny that their loan applications misstated the number of their employees. Defendants deny that they are or ever were affiliates of one another. Defendants deny that they were obligated to disclose that they were affiliates of one another because they were not affiliates of one another at any time.

55. Defendants deny Paragraph 55 in its entirety.

**FIRST CLAIM**

56. Defendants deny Paragraph 56 in its entirety.

57. Defendants deny Paragraph 57 in its entirety.

58. Defendants deny Paragraph 58 in its entirety.

59. Defendants deny Paragraph 59 in its entirety.

60. Defendants deny Paragraph 60 in its entirety.

**SECOND CLAIM**

61. Defendants deny Paragraph 61 in its entirety.

62. Defendants deny Paragraph 62 in its entirety.

63. Defendants deny Paragraph 63 in its entirety.

64. Defendants deny Paragraph 64 in its entirety.

65. Defendants deny Paragraph 65 in its entirety.

**THIRD CLAIM**

66. Defendants deny Paragraph 66 in its entirety.

67. Defendants deny Paragraph 67 in its entirety.

68. Defendants deny Paragraph 68 in its entirety.

69. Defendants deny Paragraph 69 in its entirety.

**FOURTH CLAIM**

70. Defendants deny Paragraph 70 in its entirety.

71. Defendants deny Paragraph 71 in its entirety.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in subparagraphs (a), (b), and (c) of the Prayer for Relief, including damages, treble damages, civil penalties, costs, or any other relief against either Defendant.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

**No Affiliation Through Common Management**

1. Defendants deny that they were subject to common management or common control sufficient to establish affiliation under the PPP rules applicable to the Second-Draw loan applications at issue.

2. Mar-Can and B-Alert were separate and independently controlled companies at the time of the Second-Draw PPP loan applications at issue. Neither company controlled or possessed the power to control the other, and no common individual or group controlled or possessed the power to control both companies within the meaning of the applicable PPP affiliation requirements

3. The October 2020 transfer of Mar-Can's ownership to Darrin Piro transferred actual ownership and control of that company. Following the transfer, Piro controlled Mar-Can independently, while William Cassese separately owned and controlled B-Alert. Cassese did not retain authority to control Mar-Can's management, and Piro did not possess authority to control

B-Alert's management. Following that transfer, the two companies did not pursue the interests of owners with common economic interests.

4. Each company independently determined its personnel policies, hiring and termination decisions, compensation, expenditures, contractual commitments, and business operations. Any shared premises, administrative support, payroll processing, or coordination of transportation services did not confer authority upon either company or its management to control the other company. The Defendants did not comingle their funds, employees, or records in any way. Bus attendants employed by B-Alert could not work for Mar-Can as bus drivers and Mar Can employees could not work as bus attendants.

5. Any provision of administrative assistance or authorization to execute particular documents did not establish common managerial control. The authority to perform those limited functions was distinct from authority to govern either company's business affairs.

6. Any shared premises, administrative support, or operational coordination occurred pursuant to an agreement for the mutual benefit of both companies irrespective of their owners or their tangential familial relation. Those arrangements did not confer upon either company, or a common individual or group, the power to control the management of both companies.

7. Accordingly, the companies were not affiliates based on common management, and their employees were not required to be aggregated on that ground. Plaintiff's claims fail to the extent they depend upon the contrary allegation.

**SECOND DEFENSE**

**No Affiliation Through Close Familial Relation.**

8. Mar-Can and B-Alert maintained separate business and economic interests following the October 2020 ownership transfer. Each company's owner held the economic benefits and bore the risks associated with ownership of that company independently of the other.

9. Each company maintained separate financial records, tax returns, tax identification numbers, accounts, assets, liabilities, and contractual obligations. Each retained its own profits and bore its own losses. Neither owner possessed a right to the other company's profits or authority to direct the disposition of its assets merely by reason of the owners' familial relationship. The Defendants did not comingle their funds, employees, or records in any way. Bus attendants employed by B-Alert could not work for Mar-Can as bus drivers and Mar Can employees could not work as bus attendants. The Defendants have not integrated their businesses sufficiently to consider them affiliates.

10. Mar-Can provided school buses and drivers, while B-Alert provided bus attendants. The Defendants did not comingle their employees. B-Alert employees did not and could not work for Mar-Can as bus drivers, and Mar-Can employees did not and could not work for B-Alert as bus attendants. Their subcontracting relationship allocated distinct services, responsibilities, and financial obligations to each company. Their coordination in performing those services did not merge their ownership, management, or economic interests.

11. Any shared premises or administrative services facilitated the performance of their respective business obligations without eliminating their independent financial interests or decision-making authority.

12. The familial relationship between Cassese and Piro did not establish identical or substantially identical business or economic interests requiring aggregation under the applicable PPP affiliation requirements. To the extent Plaintiff relies on an inference or determination of

identity of interest, the companies' separate ownership, control, finances, obligations, profits, and risks rebut that inference or determination. Mr. Cassese never adopted Mr. Piro and Mr. Cassese married Mr. Piro's mother after Mr. Piro was an adult.

13. Accordingly, the companies were not affiliates based on familial identity of interest, and their employees were not required to be aggregated on that ground. Plaintiff's claims fail to the extent they depend upon the contrary allegation.

**THIRD DEFENSE**

**Absence of Scienter, Knowledge, Deliberate Ignorance or Reckless Disregard**

14. Further, during the COVID-19 pandemic, desperate business needs for PPP Loans for legitimate business needs of both companies compelled them to apply for novel, unprecedented loans that were offered so that businesses could keep paying their employees. Towards this end, Defendants applied for the loans for those purposes and used them to assuage the adverse effects of the pandemic.

15. Defendants' disclosures concerning the ownership transfer and their contemporaneous communications with Capital One were consistent with their understanding that Mar-Can and B-Alert were independently owned and controlled. Defendants rely upon those disclosures and communications as evidence of their actual understanding when the challenged submissions were made, rather than upon loan approval or forgiveness alone. Defendants deny that they knew their certifications were false, deliberately avoided determining their truth, or recklessly disregarded their accuracy.

**FOURTH DEFENSE**

**No Payment by Mistake of Fact**

16. Plaintiff's Third Claim fails because the challenged payments were not made under a material mistake of fact entitling Plaintiff to recovery from either Defendant.

17. At the time of the Second-Draw PPP applications, Mar-Can and B-Alert were separately owned and independently controlled, maintained separate economic interests, and were not affiliates under the applicable PPP requirements. Each company's employee count was therefore properly determined without aggregating the other company's employees.

18. Before submitting the applications, Defendants disclosed the ownership change to Capital One and furnished the ownership addenda described in paragraph 49 of the Complaint. Those disclosures were consistent with the companies' actual separate ownership and control.

19. The alleged mistake underlying the Third Claim rests on Plaintiff's contention that Defendants were affiliated and consequently ineligible for the loans. Defendants deny that contention and deny that the challenged payments resulted from a mistaken belief concerning their affiliation or eligibility.

20. Each Defendant was entitled to the challenged loan proceeds and forgiveness. Accordingly, Plaintiff is not entitled to restitution from either Defendant under a theory of payment by mistake of fact.

**FIFTH DEFENSE**

**Defendants Are Lawfully Entitled to the Benefit Received**

21. As to the Fourth Claim, Defendants deny that they received or retained funds to which they were not legally entitled. Since Defendants are not affiliates as understood by the law, they were legally entitled to forgiveness of the PPP Loans.

22. Defendants' position is that each company satisfied the applicable eligibility requirements because the parties are not affiliates.

23. Defendants, therefore, did not receive anything from Plaintiff to which they were not legally entitled to keep.

24. Defendants further deny that either company may be required to disgorge a benefit attributable solely to the other without proof of a legally sufficient basis for such recovery.

**SIXTH DEFENSE**

**Liability Has Been Forgiven; Waiver**

25. Defendants deny that Mar-Can and B-Alert were affiliates whose employees were required to be aggregated for the Second-Draw PPP applications at issue.

26. Before those applications, the October 19, 2020 transfer of Mar-Can's ownership became effective and transferred all voting, governance, financial, and management rights to Darrin Piro. Following that transfer, Mr. Piro independently controlled Mar-Can and had all the authority of a shareholder and business owner. Neither company controlled or possessed the power to control the other, and no common individual or group controlled or possessed the power to control both. Neither Mr. Piro nor Mr. Cassese could tell the other what to do and neither one was the other's superior since they owned legally distinct, albeit cooperative, businesses.

27. Each company maintained separate accounts, books, contractual obligations, payroll responsibilities, and allocation of profits and losses. Shared premises and administrative services were provided under a joint lease and did not confer authority to control each company's management. The companies' subcontracting relationship operated under the terms of their agreement and operate to the independent

28. To the extent Plaintiff relies on an identity of interest arising from the owners' family relationship, Defendants rebut that allegation through their separate management, financial interests, contractual rights, and business risks.

29. Accordingly, Defendants deny that the alleged affiliation rendered their employee-count or eligibility certifications false. Further, Plaintiff knew of the business relationship between the companies at the time the Loans were made. Plaintiff knew, or at least should have known, about the relationship between the parties and refused to give the PPP Loan or at least should have flagged it as an issue when the loans were made. Neither Defendant knowingly concealed any information about the respective companies and Plaintiff does not allege any such concealment.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint together with costs and disbursements of this action.

Dated: November 9, 2026
Lake Success, NY

/s/ Richard Milman, Esq.
Richard Milman, Esq.
Jamie S. Felsen, Esq.
MILMAN LABUDA LAW GROUP, PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899